U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 MAR 11 PM 12:49

CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| CHARLES CHANDLER, <br> Plaintiff, | ) <br> ) <br> ) | |
| v. | ) | Case No. 2:23-cv-206 |
| | ) | |
| LONG FALLS PAPERBOARD LLC, <br> Defendant. | ) <br> ) <br> ) | |

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**
(Doc. 12)

Plaintiff Charles Chandler ("Chandler") brings this action against Long Falls Paperboard, LLC ("Long Falls"), his former employer. Plaintiff asserts one count of illegal retaliation in violation of the Vermont Occupational Safety and Health Act ("VOSHA"), 21 V.S.A. §§ 201-32.

Pending before the court is Defendant's motion to dismiss. (Doc. 12.) Chandler is represented by Kaveh S. Shahi, Esq. Long Falls is represented by Sarah J. Butson, Esq. and Tristram J. Coffin, Esq.

**I.      Facts as Alleged in the Amended Complaint**

Long Falls is a manufacturing facility located in Brattleboro, Vermont. (Doc. 14, ¶ 2.) Plaintiff worked for Long Falls until his employment was terminated on April 13, 2023. (*Id.* ¶ 28.) During his employment, he observed numerous hazardous conditions at the Brattleboro plant. (*Id.* ¶ 8.) In particular, Plaintiff states that: (1) Long Falls employs unlicensed workers; (2) Long Falls allows projects to proceed without the presence of a master electrician, master plumber, or licensed engineer; (3) other Long Falls employees dump hazardous waste sludge into the Connecticut River; (4) motors that are not designated for a wet environment are used in wet environments; (5) other Long Falls employees make repairs to the boiler and plumbing with rope instead of proper

equipment; (6) Long Falls employees use forklifts to ram open locked doors; (7) there are numerous steam leaks that could severely scald or cause death to employees; (8) employees place oil absorbent and paper on transformers thereby creating fire hazards; (9) blocks in the walls are loose and falling on the floor, creating a risk for workers passing by the area; (10) a "shark pulper" only has one emergency shutoff; and (11) a block wall is leaning and about to collapse. (*Id.* ¶¶ 8–19.) Plaintiff complained to VOSHA "on many occasions about dangerous/unsafe conditions at defendant's plant facility." (*Id.* ¶¶ 6, 21.)

The conditions listed above "are a few of many hazardous circumstances that . . . [P]laintiff complained about to the managers of the facility, including Richard Noermandin, the pla[nt] manager at the time, and other managers/employees, Ludvick Desjardins, Jorge Flores, Joshua Crowther[,] and Stanley Shoestock." (*Id.* ¶ 20.) These managers/employees "rebuffed his warnings." (*Id.*) His most recent complaint to management occurred on April 5, 2023. (*Id.*) Long Falls "retaliated against him by firing him from his position" on April 13, 2023. (*Id.* ¶¶ 24, 28.)

## II.   Conclusions of Law and Analysis.

### A. Motion to Dismiss Standard

When presented with a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts all factual allegations included in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A plausible claim includes factual allegations that permit the court "to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. A plaintiff is required to allege enough

facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

### B. Whether Plaintiff Sufficiently States a Claim Under VOSHA

Defendant argues Plaintiff's amended complaint fails to state a claim for relief under VOSHA. Pursuant to the statutory scheme in VOSHA, all employees "shall be provided by their employers with safe and healthful working conditions at their workplace, and that insofar as practicable an employee shall not experience diminished health, functional capacity, or life expectancy as a result of the employee's work experience." 21 V.S.A. § 201(a). "[P]ractices and procedures prescribed by an employer for performance of work or duties by the employer's employees shall not be, insofar as practicable, dangerous to the life, body, or well-being of the employees." 21 V.S.A. § 201(b). Additionally, VOSHA includes an anti-retaliation provision that reads:

> [n]o person shall discharge or in any manner discriminate against any employee because the employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in any such proceeding or because of the exercise by the employee on behalf of the employee or others of any right afforded by this chapter.

21 V.S.A. § 231(a).

"Although VOSHA is 'patterned after the federal [Occupational Safety and Health Act ("OSHA"),]' VOSHA provides for a private right of action for any aggrieved employee who has a claim for retaliation under the statute, while OSHA does not." *Cole v. Foxmar Inc.*, 387 F. Supp. 3d 370, 382 (D. Vt. 2019) (alteration in original) (citations omitted). The private right of action provision of VOSHA provides: "[a]n employee aggrieved by a violation of section 231 of this title

may bring an action in Superior Court for appropriate relief, including reinstatement, triple wages, damages, costs, and reasonable attorney's fees." 21 V.S.A. § 232. It is this statutory provision under which Plaintiff seeks damages.

To sufficiently plead a retaliation claim under VOSHA, an employee must allege facts which establish "(1) [he] was engaged in protected activity, (2) the . . . defendant[] knew of that activity, (3) plaintiff suffered adverse employment action, and (4) a causal connection exists between plaintiff's protected activity and the adverse employment action." *Buksh v. Sarchino*, No. 2:21-cv-190, 2022 WL 3444980, at *3 (D. Vt. Aug. 17, 2022) (alteration in original) (quoting *Mellin v. Flood Brook Union Sch. Dist.*, 173 Vt. 202, 211, 790 A.2d 408, 417–18 (2001)). In this motion, Defendant argues Plaintiff failed to allege sufficient facts to support the first two elements of the claim.

### 1. Plaintiff Engaged in a Protected Activity

Defendant argues Plaintiff's VOSHA claim fails because he does not allege sufficient facts to establish that he was engaged in a protected activity. Specifically, Defendant argues that Plaintiff failed to specify the nature of the complaints, to whom the complaints were made, or when the complaints were made. (Doc. 12 at 4–5.) Defendant argues Plaintiff's assertion that, "most recent complaints to management occurred on April 5, 2023," is insufficient to establish a plausible claim for relief because he provides no specificity as to what complaints were made. (*Id.* at 5.)

Although Plaintiff's allegations could have been better articulated, the court finds that Plaintiff asserts sufficient facts which, if proven, establish he was exposed to hazardous and unsafe working conditions and that he complained to Defendant about such conditions. Plaintiff's complaint alleges "Defendant's Brattleboro facility regularly has numerous health and/or safety

4

violations that could result in serious injury or death to employees." (Doc. 14, ¶ 8.) Had Plaintiff ended there, this conclusory statement would not be sufficient to withstand Defendant's motion. This statement, however, was followed by a list of numerous specific hazards or hazardous conditions. For example, Plaintiff alleges "[t]here are numerous steam leaks throughout the facility including two boilers that use extremely high pressure with temperatures exceeding 200 degrees that could severely scald or cause death to workers." (*Id.* ¶ 15.) Plaintiff also asserts "[a] central doorway in the plant has been hit so many times by forklifts that blocks in the wall are loose and falling on the floor; a worker passing the area would be subject to serious injury." (*Id.* ¶ 17.)

Immediately following this list of eleven unsafe or hazardous conditions that Plaintiff observed, Plaintiff states, "[t]hese are a few of many hazardous circumstances that the plaintiff complained about to the managers of the facility." (Doc. 14, ¶ 20.) Plaintiff then lists the names of the plant manager as well as other "managers/employees" of the facility. (*Id.*) Plaintiff further alleges the most recent complaints to management occurred on April 5, 2023. (*Id.*) These are more than conclusory statements. They are facts that, if proven, could establish that Plaintiff was engaged in protected activity.

### 2. Long Falls Was Aware of the Protected Activity

Defendant next argues that Plaintiff's amended complaint fails to establish that Long Falls knew of Plaintiff's engagement in protected activity. (Doc. 12 at 4–5.) Defendant asserts the amended complaint fails to specify the nature of the complaints to the named individuals and when those complaints occurred. (*Id.* at 5.) Additionally, Defendant argues that Plaintiff has failed to establish that Long Falls knew about Plaintiff's complaints to VOSHA. (*Id.*) The court agrees

with this last point. There is no indication that Long Falls was ever aware of Plaintiff's complaints to VOSHA.

Plaintiff, however, has alleged with specificity what the nature of the complaints to management were about. The allegation, "[t]hese are a few of many hazardous circumstances that the plaintiff complained about to the managers of the facility, including Richard Noermandin, the pla[nt] manager at the time, and other managers/employees, Ludvik Desjardins, Jorge Flores, Joshua Crowther[,] and Stanley Shoestock[,]" expressly states the complaints were about the hazardous circumstances. (Doc. 14, ¶ 20.) Therefore, Plaintiff has pleaded with enough specificity to allege that certain members of management were aware of his complaints.

The court must next address whether pleading that certain members of management knew about the complaints can be imputed to Long Falls as a whole. "[F]or purposes of a prima facie case, a plaintiff may rely on 'general corporate knowledge' of [his] protected activity to establish the knowledge prong of the prima facie case." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 844 (2d Cir. 2013) (quoting *Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 116 (2d Cir. 2000) ("Neither [the Second Circuit] nor any other circuit has ever held that, to satisfy the knowledge requirement, anything more is necessary than general corporate knowledge that the plaintiff has engaged in a protected activity." (citations omitted)); *see Reed v. A.W. Lawrence & Co., Inc.*, 95 F.3d 1170, 1178 (2d Cir. 1996) (finding plaintiff's complaint to officer of company imputed her complaint to entire company for purposes of knowledge prong of prima facie case). An individual corporate employee's ignorance of plaintiff's complaints cannot "serve to obfuscate the [entity's] general corporate knowledge." *Alston v. New York City Transit Auth.*, 14 F. Supp. 2d 308, 311 (S.D.N.Y. 1998).

Here, Plaintiff alleges he complained to the plant manager, as well as several other managers/employees, all of whom he identified by name. Management's knowledge of the complaints is imputed to Long Falls under the theory of general corporate knowledge. *See Zann Kwan*, 737 F.3d at 844. As a result, Plaintiff has pleaded with enough specificity that Long Falls had knowledge of his participation in protected activities under VOSHA.

### C. Private Cause of Action for An Employer's VOSHA Violations

Defendant's final argument is that Plaintiff is not entitled to damages for alleged violations of VOSHA by Defendant. The court agrees there is no private cause of action under VOSHA for an employer's alleged violations. Plaintiff does not seek damages for the alleged violations of VOSHA, but rather the alleged retaliatory action that was taken against him when he complained about the alleged violations.

### III. Conclusion.

The court DENIES Defendant's Motion to Dismiss for Failure to State a Claim. (Doc. 12.) SO ORDERED.

Dated at Rutland, in the District of Vermont, this 11th day of March 2025.

Mary Kay Lanthier
United States District Court Judge